**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4657

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAR LAMONT CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00030)

Submitted: July 6, 2007          Decided: July 25, 2007

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, David Paul Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Lamont Carter appeals his convictions and 225-month sentence pursuant to his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000); one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2000); and one count of possessing a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2000).

On appeal, counsel for Carter has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he asserts there are no meritorious grounds for appeal but presenting for our review the reasonableness of Carter's sentence. Although notified of his right to file a supplemental pro se brief, Carter has not done so.

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). A court must initially calculate the appropriate Guidelines range, making any appropriate factual findings. <u>United States v. Davenport</u>, 445 F.3d 366, 370 (4th Cir. 2006). The court then considers the resulting advisory Guidelines range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determines an appropriate sentence.

Davenport, 445 F.3d at 370.  We will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47.  A sentence within the proper advisory Guidelines range is presumptively reasonable.  United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  With these standards in mind, we have reviewed the record and conclude that Carter's sentence was reasonable.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Carter's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED